```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
```

BOWIE & JENSEN, LLC              *

       Plaintiff          *

     vs.                        * CIVIL ACTION NO. MJG-17-22

TIDAL LOGISTICS, LLC, et al.     *

       Defendants         *

\*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER RE: REMAND

The Court has before it Defendant, Shearer Logistics, LLC's Motion to Remand [ECF No. 38]. The Court finds that a hearing is unnecessary.

On July 18, 2016, Plaintiff Bowie & Jensen, LLC, a Baltimore-based law firm, filed the Complaint [ECF Nos. 2 & 18] in the Circuit Court for Howard County, Maryland as Case No. 13C16108261. Plaintiff, acting as escrow agent for the parties to a real estate transaction, sought to pay to the Clerk of the State Court the sum of $84,521.82 and to have the Court determine all claims, including those of the Internal Revenue Service and the Maryland Comptroller[1] that may be asserted with regard to these funds. The Complaint erroneously named the party asserting the federal tax claims at issue as "the Internal

---

1  As stated in the Comptroller of Maryland's Response [ECF No. 39], the Comptroller now makes no claim against the funds at issue.

Revenue Service" rather than correctly as "the United States of America."

The Complaint was not served on the United States and may not have been served properly on the Internal Revenue Service. Neither the United States nor the Internal Revenue Service filed any response to the Complaint in the State Court. However, on December 28, 2016, the State Court Ordered [ECF No. 10-4] that Shearer (and not the Internal Revenue Service) was entitled to the funds at issue.

On January 5, 2017, the United States filed the Notice of Removal [ECF No. 1] stating therein that it would promptly file a copy of the Notice of Removal in the state court. On February 7, 2017, Defendant Shearer Logistics filed the instant motion seeking remand of the case to state court. Shearer contends that the federal tax lien does not reach the funds at issue and that the Notice of Removal is ineffective. The United States contends that there is an existing federal tax lien that does give it the ability to collect the funds at issue. Procedurally, the United States contends that the Notice of Removal was effective when filed because it was not filed more than thirty days after it was served with the Complaint since it never has been properly served.

There is no doubt that Plaintiff erroneously named the Internal Revenue Service rather than the United States as the defendant who would be asserting rights under the federal tax lien at issue.  Moco Investments, Inc. v. United States, 362 F. App'x 305, 307 n.2 (3d Cir. 2010) (noting that in a suit disputing the validity of a federal tax lien, "the United States alone is the proper defendant," not the Internal Revenue Service).  In cases in which a plaintiff has sued the Internal Revenue Service rather than the United States, the United States commonly is substituted as the correct defendant.  In the instant case, the United States was not served with the Complaint prior to the state court's December 28, 2015 decision. By January 5, 2017, the United States was aware of the existence of the instant case and sought, by the Notice of Removal, to effectively substitute itself for the Internal Revenue Service as the proper defendant and remove the case to federal district court.

Neither side has presented, and the Court has not found, an authority directly addressing the issue here presented: that is, whether the United States – without its being named as a defendant by a plaintiff or substituted for the Internal Revenue Service by Court order - may act as a party and remove the case to federal district court. Put simply, the question presented is

whether the United States can substitute itself for the Internal Revenue Service as a defendant and act as a defendant without the court presiding over the case formally approving its status as a party. The Government has, however, provided citations to authorities as samples of cases in which "Courts have routinely allowed the United States, as the real party in interest, to remove state court suits erroneously naming only a federal agency or an employee of an agency as a defendant." Gov't Reply Br. [ECF No. 51-1] at 2.

The Court – by virtue of the absence of precedent addressing the issue presented – must predict what the United States Court of Appeals for the Fourth Circuit will hold if and when presented with the issue. See Progressive Se. Ins. Co. v. McLeod, 489 F. App'x 669, 671 (4th Cir. 2012)(noting that in the absence of controlling precedent, a federal court's role is to predict how the highest state court would rule and issue a decision consistent with that prediction); Mays v. BNSF Ry. Co., 974 F. Supp. 2d 1166, 1173 (N.D. Ill. 2013)(predicting what the Seventh Circuit would reasonably rule if presented with the question).

The Court predicts that, if presented with the issue, the Fourth Circuit will decide that the United States properly removed the instant case to the District of Maryland. By filing

the Notice of Removal in this Court as in the state court, the United States substituted itself as the proper defendant improperly named by Plaintiff as "Internal Revenue Service." Even if Plaintiff has not yet properly served the Internal Revenue Service or the United States, it has identified as a defendant the party who would seek to assert federal tax lien rights. These rights could properly be asserted by the United States and not by the Internal Revenue Service. Hence, the Complaint plainly erroneously named the Internal Revenue Service rather than the United States as the party defendant.

Certainly, the United States could have proceeded to have the state court issue an Order effecting its replacement of the Internal Revenue Service as a defendant. However, the Court predicts that the Fourth Circuit will not – in the instant case – require that procedure to remand the case for further proceedings in the state court. Rather, the Court predicts that if presented with the issue, the appellate court will accept the United States' filing of the Notice of Removal to constitute a valid action substituting the United States as a party defendant and will accept the Notice of Removal as the valid action of the United States as a defendant removing the case to federal court.

For the foregoing reasons:

1. Defendant, Shearer Logistics, LLC's Motion to Remand [ECF No. 38] is DENIED.

2. The United States shall promptly arrange a case planning conference with all parties.


SO ORDERED, this <u>Friday, June 23, 2017</u>.


<u>      /s/      </u><br>
Marvin J. Garbis<br>
United States District Judge